UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM LEKEITH FRYE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5964** |
| **ORLEANS PARISH PRISON,**<br>**UNITED STATES MARSHALLS,**<br>**SHERIFF MARLIN GUSMAN** | **SECTION "N"(4)** |

### REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 15)** filed by the United States Marshals Service and United States Attorney Jim Letten. The motion, along with the entire case, was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

**I.    Factual Summary**

  **A.    The Complaint**

The plaintiff, William LeKeith Frye ("Frye"), is presently incarcerated in the Federal Correctional Institute in Memphis, Tennessee. He filed this *pro se* and *in forma pauperis* complaint against the Orleans Parish Prison ("OPP"), the United States Marshals Service ("USMS"), Orleans Parish Criminal Sheriff Marlin Gusman, "District Attorney" Jim Letten, and the City of New Orleans.

Under the broad reading afforded *pro se* complaints, Frye alleges that Sheriff Gusman failed to comply with the mandatory evacuation ordered in anticipation of the arrival of Hurricane Katrina on August 28, 2005, which resulted in his injuries and the complained of conditions of his confinement. He also alleges that the USMS was responsible for him and did not nothing to alleviate the situation.

Specifically, Frye alleges that, at all relevant times, he was a federal inmate housed in the Templeman Jail, Phase III within the OPP system. He received breakfast on August 29, 2005, but no other meals. He alleges that the prison seemed to be running on generators.

He claims that around 6:00 p.m. or 7:00 p.m., water began rising from the floor drains. He states that, by 10:00 p.m., the electricity cut-off and the water stood around three feet deep. Frye claims that, at around 2:00 a.m., the Special Investigation Division officers, armed with guns, escorted him and other inmates to the second floor gymnasium. He claims that they were left there unsupervised until August 30, 2005.

Frye alleges that, while there, inmates began burning things and breaking windows to get air. He claims that he and other inmates broke through a door and began roaming the halls looking for food. He was able to reach a water faucet from which he drank. He claims that he later was told that the water was contaminated.

He claims that, around midnight, masked inmates came through the broken door, armed with sticks and homemade knives, to attack a federal inmate they claimed to be an informant. During the brawl, he slipped and fell causing injury to his back.

He alleges that they were soon rescued by SID officers and taken out of the building, and transported by boat to the Broad Street bridge. Frye states that he was taken by officers from the Louisiana Department of Corrections to the Elayn Hunt Correctional Center.

Through this action, he seeks compensation for his pain, suffering and lost property.

### B. Pending Motion

The USMS and Jim Letten have filed a motion to dismiss alleging that the Court lacks jurisdiction over Frye's claims and otherwise for failure to state a claim for which relief can be granted. In addition to the consideration of the motion, the Court also must conduct its statutory review for frivolousness.

## II. Standards of Review

### A. Review for Frivolousness

Title 28 U.S.C. §§ 1915(e)(2), 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under these statutes, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts

alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### B. <u>Review of a Motion to Dismiss</u>

In considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts and must draw all reasonable inferences from those allegations in the plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A complaint shall only be dismissed if it is beyond doubt that the plaintiff can prove no facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Ms., Inc. v. City of Madison, Ms.*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992). While conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a Rule 12(b) motion to dismiss, such motions are viewed with disfavor and are rarely granted. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997).

In resolving a motion under Rule 12(b)(6), the court is generally limited to considering only those allegations appearing on the face of the complaint. *Benton*, 960 F.2d at 21. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3rd Cir. 1990).

Further, the Fifth Circuit has held that when reviewing pro se complaints, the court must employ less stringent standards, look beyond the inmate's formal complaint and consider material subsequently filed as amendments to that complaint. *Howard v. King*, 707 F.2d 215 (5th Cir. 1983); *see also Haines v. Kerner*, 404 U.S. 519 (1972).  In *Taylor v. Gibson*, the Court explained:

> It is the responsibility of the courts to be sensitive to possible abuses [in the prison systems] in order to ensure that prisoner complaints, particularly pro se complaints, are not dismissed prematurely, however unlikely the set of facts postulated.  An opportunity should be provided the prisoner to develop his case at least to the point where any merit it contains is brought to light.

*Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir.1976);  *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Where it appears, however, from the face of the complaint that the applicable limitations period has run, an action is subject to dismissal for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  *See Songbyrd, Inc.* v. *Bearsville Records, Inc.*, 104 F.3d 773, 776 n.3 (5th Cir. 1997).

### III.     Analysis

#### A.     Orleans Parish Prison

Frye has named the Orleans Parish Prison as a defendant because he was incarcerated within OPP system at the time of his alleged injuries.  However, the prison is not a "person" to be held liable within the meaning of § 1983.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law."  Title 42 U.S.C. § 1983; *see Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).  Under federal law, a county (or parish) prison facility, is not a "person" within the meaning of the statute.  *Cullen v. DuPage County*, 1999 WL 1212570 at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Correctional Facility Admin.*, 1997 WL 659100 at *6

(S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich 1982). Thus, OPP is clearly not proper defendant in this case.

In addition, a Parish prison is not a proper defendant because it lacks capacity to be sued as required under Fed. R. Civ. P. 17(b) and Louisiana law. Although Louisiana courts have not ruled on the issue of whether a Parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts*, 634 So.2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the Board. *See Id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So.2d 611, 616 (La. App. 3rd Cir. 1994), *writ denied*, 650 So.2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the court expressly found "no authority, constitutional, statutory, or via home rule charter

that authorizes the Lafayette City Council to institute of its own motion, a lawsuit." *Bowen*, 649 So.2d at 613.

Furthermore, Louisiana law divides the responsibility for its Parish jails. The Parish is charged with its jails' physical maintenance. La. Rev. Stat. Ann. § 15:702. However, the duty to administer and operate the jails falls on the Sheriff of each Parish. La. Rev. Stat. Ann. § 15:704. The office of sheriff is a constitutionally created office in Louisiana, existing separately from the Parish government. La. Const. Art. 5 § 27; *see Langley v. City of Monroe*, 582 So.2d 367, 368 (La. App. 2nd Cir. 1991) (The parish could not be liable for injuries attributed to the sheriff).

Under the *Roberts* framework, OPP is not "legally empowered to do" anything independently of either the respective Parish officials or the Parish Sheriff, neither of whom are named as defendants herein. *See Roberts v. Sewerage and Water Board of New Orleans*, 634 So.2d 341, 347 (La. 1994). The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

Thus, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice); *accord Dale v. Bridges*, 1997 WL 810033 at *1 n.1 (N.D. Tx. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued).

Accordingly, Frye's claims against OPP should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### B. United States Marshals Service

Frye has named the United States Marshals Service as a defendant because he was "their responsibility" at the time of the alleged events. A review of the law reflects that he has not named a proper defendant and his claims are frivolous and otherwise fail to state a claim for which relief can be granted.

The United States Supreme Court has held that § 1983 does not provide a remedy against a federal agency or officer. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971). Instead, a petitioner can maintain a similar claim against a federal employee accused of violating his federal constitutional rights. Such a claim is now generally referred to as a *Bivens* action. Therefore, the court would only be able to address Frye's claims against a federal defendant pursuant to *Bivens* and related cases. *See Witherspoon v. White*, 111 F.3d 399, 400 n.1 (5th Cir. 1997) (citing *Stephenson v. Reno*, 28 F.3d 26, 26 n.1 (5th Cir. 1994)).

A *Bivens* claim, however, is available <u>only</u> against government officers in their individual capacities in order to deter future civil rights violations by such individuals. *Williams v. U.S. Dept. of Agriculture*, 815 F.2d 368, 380 (5th Cir. 1987). The Supreme Court has held that there can be no *Bivens* cause of action against the United States Government, a federal agency, or government officers in their official capacities, because the deterrent effect on the individual would be lost. *FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994).

Frye has asserted his *Bivens* civil rights claims against the United States Marshals Service, an agency within the United States Government. As a result, he can not proceed under *Bivens* and any such claims are based on a meritless legal theory and should be dismissed as frivolous and for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

Furthermore, to the extent Frye intends to pursue tort claims against the Government through the USMS, his claims must still be dismissed. Under the Federal Tort Claims Act ("FTCA"), "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." The purpose of the FTCA is compensating victims of governmental negligence. *Sant v. United States*, 896 F. Supp. 639, 640-641 (W.D. La. 1995). The FTCA is therefore a limited waiver of sovereign immunity. *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999). Because the alleged conduct occurred in Louisiana, Louisiana tort law applies to claims brought under the FTCA. *Tindall v. United States*, 901 F.2d 53, 55 (5th Cir. 1990).

However, one of the prerequisites to bringing a claim under the FTCA is that the claimant must exhaust administrative remedies prior to bringing suit. In particular, "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 24675(a). Courts have held that this exhaustion requirement is jurisdictional, and without evidence that a FTCA claim has been presented to the appropriate agency, the FTCA claim must be dismissed. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1995); *Evanland v. Director of CIA*, 843 F.2d 46, 50 (1st Cir. 1988).

In this case, Frye has not alleged any attempt to exhaust administrative remedies, and he provides the Court with no such evidence. Thus, to the extent Frye seeks to allege any claims under

the FTCA, the claims must be dismissed without prejudice for failure to exhaust administrative remedies.

The Court has resolved that Frye's *Bivens* claims against the USMS should be dismissed as frivolous and any tort claims under the FTCA should be dismissed for failure to exhaust administrative remedies. Accordingly, the USMS motion to dismiss should be dismissed as moot.

### C. Sheriff Gusman

Frye complains that Sheriff Gusman did not timely evacuate the inmates from OPP which caused him to live in unacceptable conditions and endure the untimely and negligently performed evacuation. The Eighth Amendment's prohibition on "cruel and unusual punishments" forbids conditions of confinement "which are incompatible with 'the evolving standards of decency that mark the progress of a maturing society' . . . or which 'involve the unnecessary and wanton infliction of pain.'" *Estelle*, 429 U.S. at 102-03 (citations omitted). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Proof of an individual defendant's personal involvement in the alleged wrong is, of course, a prerequisite to his liability on the claim for damages under §1983. However, a supervisory official, like Sheriff Gusman, cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate, like the unnamed deputies, allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the

deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Frye does not allege that Gusman was personally involved in the acts about which he complains or in the evacuation process itself. He has not alleged that Sheriff Gusman was personally involved in transporting him through the flood waters to the Broad Street bridge. His claims against the Sheriff in this regard are based on a meritless legal theory.

Furthermore, to the extent Frye asserts that Sheriff Gusman acted negligently in responding to or preparing for this emergency situation, his claims are still frivolous. Acts of negligence do not implicate the Due Process Clause such to give rise to a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon*, 474 U.S. 344 (1986). Allegations amounting to negligence cannot support a § 1983 claim for violation of the Eighth Amendment. *Eason v. Thaler*, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (noting no negligent deprivation of religious rights or gross negligence in permitting a gas leak to occur); *Hare v. City of Corinth, Ms.*, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (finding no negligent failure to protect); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) (noting that negligent medical care does not constitute a valid claim under § 1983); *Doe v. Taylor Indept. School Dist.*, 975 F.2d 137, 142 (5th Cir. 1992), *vacated on other grounds*, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.")

Instead, an official must act with deliberate indifference to be liable under § 1983. An official is deliberately indifferent to an inmate's health and safety in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001).

In this case, Frye has made no such showing of an intentional indifference by Sheriff Gusman. He does not allege that Sheriff Gusman ignored a known risk of danger to his safety or physical needs. The flooding as a result of the levee breaches after Hurricane Katrina passed through the metropolitan area was unprecedented. Gusman was under no constitutional burden to protect Frye from the unknown.

Frye has also failed to show that the temporary conditions caused by the hurricane violated his constitutional rights. In order to prove that the conditions of his confinement violated the Constitution, an inmate must show, "that, from an objective standpoint, [they] denied him the minimal measure of necessities required for civilized living". *Farmer*, 511 U.S. at 834. An episodic act or omission of a state jail official does not violate an inmate's constitutional right to be secure in his basic human needs unless he demonstrates that the official acted or failed to act with deliberate indifference to those needs. *Hare*, 74 F.3d at 633.

Furthermore, federal courts have repeatedly held that the Constitution does not mandate that prisons provide comfortable surroundings or commodious conditions. *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998). For these reasons, a short term sanitation problem, although admittedly

unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Illinois State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)).

In sum, Frye has not alleged that Sheriff Gusman personally acted with deliberate indifference to his safety, any specific need, or to the sanitation of the prison during the unprecedented events and temporary conditions resulting after Hurricane Katrina, one of the largest disasters that the United States has experienced in its history. Frye recognizes that the officials realized the risk of harm caused by the rising waters and evacuated the inmates from the prison, albeit under difficult and unpleasant circumstances.

Without a showing of a deliberate indifference, Frye's claims against Sheriff Gusman should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

### D. United States Attorney Jim Letten

Frye has identified Jim Letten as a defendant by naming him in the caption of the handwritten complaint attached to his form complaint. He does not allege any action or inaction by Letten nor does he indicate the basis for his alleged claim against him. Frye even suggests that the Gusman and the USMS, not Letten, was responsible for him at the prison. Thus, without a specific allegation of a constitutional violation by a named defendant, the plaintiff's claims are frivolous and otherwise fail to state a claim for which relief can be granted. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

Under the broadest of readings, Frye may have intended to name Letten as a federal prosecutor, incorrectly identified as "district attorney." In his role as prosecutor over Frye's federal criminal case, the apparent reason for his incarceration at OPP, Letten is entitled to absolute immunity from suit. *See Butz v. Economou*, 438 U.S. 478 (1978); *Imbler v. Pachtman*, 424 U.S. 409, 424-426 (1976); *Yaselli v. Goff*, 275 U.S. 503 (1927).

The claims against Letten are therefore frivolous and fail to state a claim for which relief can be granted and must be dismissed pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e. *See Flagg Bros., Inc.*, 436 U.S. at 156. The motion to dismiss filed by Letten is therefore moot.

### E.     City of New Orleans

Frye has also identified the City of New Orleans as a defendant in the caption of his attached memorandum complaint. He has alleged no facts or allegations against the City and therefore has failed to state a claim under § 1983. To the extent he has named the City as a party responsible for his general complaints about the conditions of his confinement his claims are also frivolous.

As noted above, under Louisiana law, the administration of a parish jail, including the obligation to care for, feed and clothe the prisoners, is within the province of the Parish Sheriff, not the City where the jail is located. La. Rev. Stat. Ann. § 15:704 and § 33:1435(A); *see also Watson v. Graves*, 909 F.2d 1549, 1551 (5th Cir. 1990); *Thompkins v. Belt*, 828 F.2d 298, 304 n.8 (5th Cir. 1987); *Langley*, 582 So.2d at 368. The City of New Orleans therefore has no causal link to the conditions of Frye's conditions of confinement, nor responsibility for the administration of the Orleans Parish Prison system.

Frye's claims against the City of New Orleans fails to state a claim upon which relief can be granted and are otherwise frivolous and must be dismissed pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

## IV.     Recommendation

It is therefore **RECOMMENDED** that William LeKeith Frye's civil rights claims against the Orleans Parish Prison, the United States Marshals Service, Sheriff Gusman, Jim Letten, and the City of New Orleans, be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A and Title 42 U.S.C. § 1997e.

It is further **RECOMMENDED** that any claims brought by Frye against the United States Marshals Service under the Federal Tort Claims Act be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

It is further **RECOMMENDED** that the **Motion to Dismiss (Rec. Doc. No. 15)** filed by the United States Marshals Service and United States Attorney Jim Letten be **DISMISSED as moot**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this  9th  day of  July , 2007

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

15